# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**SYLVESTER LARNELL EVANS, JR.**          **CIVIL ACTION**

**VERSUS**                                 **NO. 18-14202**

**VANGARD FINANCIAL INSTITUTION**          **SECTION "B"(5)**

## ORDER & REASONS

Considering Plaintiff's "Motion to Seal Case" (Rec. Doc. 3),

**IT IS ORDERED** that the motion is **DENIED**. This breach of contract case has not raised issues of national security, as alleged by the Plaintiff.

Plaintiff is proceeding *pro se* via *in forma pauperis* status, alleging defendant financial institution failed to comply with a 1996 contract by unlawfully withholding from plaintiff an "estate that (he) inherited from God thru (his) Father." Rec. Doc. 1 at pg. 4. He now seeks possession of the estate and monetary damages. Federal jurisdiction appears to be based on diversity of citizenship and unspecified federal constitution and state laws.

Plaintiff also refers to a related state court action bearing docket number "24012 Civil Court St. James Parish, Louisiana". Rec. Doc. 1-2. To avoid piecemeal litigation, inconsistent results, and to consider potential applicability of res judicata and comity principles, it is necessary to determine the nature and status of the latter state court action.  Additionally, Congress has specifically required all federal courts to give preclusive

effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so: "[J]udicial proceedings [of any court of any State] shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State...." 28 U.S.C. § 1738 (1976). *Allen v. McCurry*, 449 U.S. 90, 96, 101 S. Ct. 411, 415-16, 66 L. Ed. 2d 308 (1980). Accordingly,

**IT IS FURTHER ORDERED that no later than January 29, 2019** plaintiff shall file written reasons why the instant federal action should not be stayed or dismissed, along with certified copies of his state court petition, state court rulings of a dispositive nature, if any, and other pertinent matters of record that were filed in that action. Compare *Stewart v. Western Heritage Ins. Co.*, 43 F.3d 488, 492 (5th Cir.2006) and *Black Sea Inv., Inc. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir.2000).

FAILURE TO TIMELY COMPLY WITH THIS ORDER OR SEEK AN EXTENSION OF TIME TO COMPLY BEFORE THE ABOVE NOTED DEADLINE WILL LEAD TO DISMISSAL OF THIS FEDERAL ACTION WITHOUT PREJUDICE OR FURTHER NOTICE.

New Orleans, Louisiana, this 14th day of January, 2019.

                                             _____
                                             SENIOR UNITED STATES DISTRICT JUDGE